# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE
### AT GREENEVILLE

GLENDA JEAN ARWOOD       )
                             )
v.                            )     NO. 2:12-CV-381
                             )
CAROLYN W. COLVIN        )
Commissioner of Social Security  )

## **O R D E R**

This matter is before the Court to consider the Report and Recommendation of the United States Magistrate Judge. [Doc. 16]. The defendant has filed objections to this report. [Doc. 17]. The defendant objects to the Magistrate Judge's recommendation that the matter be remanded for an award of benefits and, alternatively, if remand is ordered, that it be for the further administrative proceedings, not for an award of benefits. The plaintiff has not responded to the defendant's objection.

The Court must make a *de novo* determination of the portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). The Court may accept, reject, or modify, in whole or in part, the findings and recommendations of the magistrate judge. *Id.*

After careful *de novo* consideration of the record as a whole, the defendant's objections, the Report and Recommendation of the United States Magistrate Judge, which is incorporated herein by reference, the defendant's objections are **SUSTAINED IN PART** and **OVERRULED IN PART** and the Report and Recommendation is **ACCEPTED IN PART**, and **MODIFIED IN PART**, and

the motion for judgment on the pleadings filed by the plaintiff is **GRANTED** to the extent it seeks a remand for further development of the record, [Doc.12], the motion for summary judgment filed by the defendant is **DENIED,** [Doc. 14], and this matter is **REMANDED** for further administrative proceedings in light of the vocational expert's ambiguous testimony before the Administrative Law Judge.

A court may reverse and immediately award benefits only if "all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *See Faucher v. Secretary of Health and Human Services*, 17 F.3d 171, 176 (6th Cir. 1994). There is no doubt here, as found by the Magistrate Judge, that the vocational expert's testimony was "guarded and confusing," and "fatally flawed" for the reasons set out in the Magistrate Judge's Report and Recommendation. The vocational expert's testimony, however, is subject to more than one interpretation and the case is admittedly a "close" one, as found by the Magistrate Judge. The Magistrate Judge in fact recognized the case as "a razor thin proposition," not one "where the proof of disability is overwhelming or the proof of disability is strong and evidence to the contrary is lacking." Id. Accordingly, this matter will be **REMANDED** to the Commissioner for further administrative proceedings, *i.e.*, for clarification of the ambiguous testimony of the vocational expert.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

2